IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BILLY STEVEN NOWDEN,           )
    Plaintiff,                )
v.                             )   No. 3:17-CV-577-D
                               )
DOUGLAS MOLDER, ET AL.,        )
    Defendants.               )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I.

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Lamar County Sixth District Court, and attorneys Doug Mulder, Ricky Jones, and Jerry Cole. The Court has not issued process pending judicial screening.

Plaintiff claims the Sixth District Court in Lamar County failed to provide him a competency exam during his criminal case. He also states he received ineffective assistance of counsel from attorneys Doug Mulder, Rickey Jones, and Jerry Cole. He states all defendants conspired to convict him, and that Mulder and Jones charged excessive attorney fees. He seeks money damages.

### II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III.

**1.    *Heck v. Humphrey***

Plaintiff claims defendants conspired to wrongfully convict him. His claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). That decision holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by

executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

In this case, Plaintiff has not shown that his conviction has been reversed or declared invalid. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**2.  State Actors**

Plaintiff sues his defense attorneys Doug Mulder, Rickey Jones, and Jerry Cole. Defense attorneys, however, are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 Fed. Appx. 378, 379 (5th Cir. 2011). These Defendants should be summarily dismissed.

**3.  Non-Jural Entity**

Plaintiff names the Lamar County Sixth District Court as a defendant. The Sixth District Court, however, is a non-jural entity under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See Moore v. Crowley Courts*, 2007 WL 3071188, *2 n.1, 3:07-CV-962-M (N.D. Tex. 2007) (noting that "Crowley Courts" were not a jural entity); *Daniel v. Dallas County*

*Commissioner's Court*, 2001 WL 167923, *1, No. 3:01-CV0072-P (N.D. Tex. 2001) (stating County Commissioner's Court was a non-jural entity). This Defendant should be dismissed.

IV.

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed this 1st day of May, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).